UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE BERRY,

    Plaintiff,

v.

HILLS HOSPITALITY, INC. and
INTERCONTINENTAL HOTELS
GROUP, PLC,

    Defendants.
_____/

Case No. 25-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DENISE BERRY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, HILLS HOSPITALITY, INC. and INTERCONTINENTAL HOTELS GROUP, PLC, stating as follows:

### COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant Hills Hospitality, Inc. is a domestic profit corporation with its principal place of business operating in the County of Oakland, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That Defendant Intercontinental Hotels Group, PLC is a foreign company with its American headquarters located in the State of Georgia.

4. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. That venue is proper with this Honorable Court pursuant to 28 U.S.C. § 1391.

6. That assignment to this Honorable Division is proper pursuant to Local Rule 83.10(b).

7. That at all times material hereto, Plaintiff was and is a female veteran.

8. That at all times material hereto, Plaintiff is a person with a disability as she has been diagnosed with post-traumatic stress disorder.

9. That at all times material hereto, Plaintiff dealt with her disability with the aid of a service animal.

10. That Plaintiff's service animal is a dog named Jenga.

11. That Jenga is a certified service dog and trained by America's Vetdogs, an accredited assistance dog school that trains guide dogs and service dogs.

12. That at all times material hereto, Defendants operate a Holiday Inn Express hotel located at 907 Opdyke Road, Auburn Hills, Michigan.

13. That on or about September 25, 2023, Plaintiff made a reservation for a room at Defendants' hotel for October 2, 2023 through October 4, 2023.

14. That Plaintiff made said reservation to attend a Leadership Academy put on by Incompass Michigan, a state-wide coalition of service providers that advocate and provides opportunities for persons with disabilities.

15. That Incompass Michigan was hosting said Leadership Academy, a two-day training event, and had reserved a block of rooms at Defendants' Holiday Inn Express hotel.

16. That Plaintiff intended on staying at Defendants' hotel while attending said conference.

17. That on or about October 2, 2023, Plaintiff, accompanied by Jenga, arrived at Defendants' hotel to check into the room she had reserved.

18. That upon approaching the front desk, the associate informed Plaintiff that pets were not allowed inside the hotel.

19. That Plaintiff identified Jenga as a certified service animal and, again, requested the room she reserved.

3

20. That Plaintiff further attempted to explain that the Americans with Disabilities Act permits persons with disabilities to be accompanied by a service animal in places of public accommodation.

21. That the front desk associate, however, was adamant that pets were not allowed and he refused to give Plaintiff a room.

22. That after Plaintiff persisted that such an action violated the law, the front desk associate contacted his manager.

23. That said manager continued to deny Plaintiff the room she had reserved and advised Plaintiff that she go to another "pet-friendly" hotel.

24. That Plaintiff again noted that the hotel was discriminating against her and violating the law.

25. That at one point in the discussion, another attending to the Leadership Academy, Brian Johnson, who witnessed the interaction, questioned Plaintiff whether she was part of the Leadership Academy sessions Incompass Michigan was putting on and Plaintiff confirmed she was and then explained how Defendants were denying her a room.

26. That Mr. Johnson then spoke to the front desk associate and provided notice that the Americans with Disabilities Act prevents the denial of service to someone with a service dog.

27. That Defendants repeatedly ignored statements that their actions were

violating the law.

28. That Defendants wrongfully and illegally denied Plaintiff service and the room she reserved due to her service animal.

29. That Defendants lack any legitimate, non-discriminatory reason for denying Plaintiff service.

30. That any reasons proffered by Defendants, after-the-fact, are pretextual in nature.

31. That any reasons proffered by Defendants, after-the-fact, are either not based in fact, did not motivate the decision to deny service, and/or was too insufficient to warrant such a denial of service.

32. That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

33. That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

34. That Defendants' actions constitute negligence and/or negligence per se.

35. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

36. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

37. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

38. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

39. That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

40. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 39 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

41. That at all times material hereto, Defendants operated a hotel or other

place of lodging.  42 U.S.C. § 12181(7)(A).

42. That all times material hereto, Defendants were and are a "public accommodation" as defined by the Act.  42 U.S.C. § 12181(7)(A); *see also* 28 C.F.R. § 36.104 *place of public accommodation* (1)(i).

43. That at all times material hereto, Plaintiff has a "disability" as defined by the Act.  42 U.S.C. § 12102(1); 28 C.F.R. § 36.105.

44. That at all times material hereto, Plaintiff's dog constitutes a "service animal" as defined by the Act and the applicable regulations.  28 C.F.R. § 36.104.

45. That at all times material hereto, Plaintiff's dog was and is trained to do work or perform tasks for the benefit of an individual with a disability.  28 C.F.R. § 36.104.

46. That at all times material hereto, Plaintiff's service dog was in the control of Plaintiff.

47. That at all times material hereto, Plaintiff's service dog was housebroken.

48. That Title III of the Americans with Disabilities Act provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).

49. That a public accommodation must "make reasonable modifications in

policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public administration can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R § 36.302(a).

50. That more specifically, "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

51. That "[i]ndividuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28 U.S.C. § 36.302(c)(7).

52. That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of their place of public accommodation by refusing to rent Plaintiff a hotel room with her service animal.

53. That Defendants wrongfully and illegally denied Plaintiff service and the room she reserved due to her service animal.

54. That Defendants lack any legitimate, non-discriminatory reason for denying Plaintiff service.

55. That any reasons proffered by Defendants, after-the-fact, are pretextual in nature.

56. That any reasons proffered by Defendants, after-the-fact, are either not based in fact, did not motivate the decision to deny service, and/or was too insufficient to warrant such a denial of service.

57. That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

58. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

59. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

60. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

61. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

62. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 39 of her Common Allegations and paragraphs 40 through 61 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

63. That at all times material hereto, Defendants operated a "place of public accommodation" as defined by the Michigan Persons with Disabilities Civil Rights Act. M.C.L. § 37.1103(d)(i).

64. That at all times material hereto, Plaintiff had a "disability" as defined by the Act. M.C.L. § 37.1103(d)(i).

65. That all times material hereto, Plaintiff's dog constituted a "service animal" as defined by the Act and Michigan law.

66. That at all times material hereto, Plaintiff's service animal was under Plaintiff's control.

67. That at all times material hereto, Plaintiff's service animal was housebroken.

68. That Article III of the Michigan Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids." M.C.L. § 37.1302(a).

69. That the use of a service animal constitutes an "adaptive aid" as used in M.C.L. § 37.1302(a).

70. That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to serve Plaintiff with her service animal.

71. That Defendants wrongfully and illegally denied Plaintiff service and the room she reserved due to her service animal.

72. That Defendants lack any legitimate, non-discriminatory reason for denying Plaintiff service.

73. That any reasons proffered by Defendants, after-the-fact, are pretextual in nature.

74. That any reasons proffered by Defendants, after-the-fact, are either not based in fact, did not motivate the decision to deny service, and/or was too

insufficient to warrant such a denial of service.

75. That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

76. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

77. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

78. That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III – NEGLIGENCE AND/OR NEGLIGENCE PER SE

79. That Plaintiff hereby incorporates by reference the allegations

contained in paragraphs 1 through 39 of her Common Allegations, paragraphs 40 through 61 of Count I, and paragraphs 62 through 78 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

80. That at all times material hereto, Defendants owed a duty to exercise reasonable care in its undertakings and to comply with all statutorily imposed duties.

81. That the Michigan Penal Code requires a public accommodation to modify its policies, practices, and procedures to permit the use of a service animal by a person with a disability. M.C.L. § 7550.502c(1).

82. That the Michigan Penal Code prohibits a public accommodation from isolating a person with a disability accompanied by her service animal. M.C.L. § 750.502c(11)(a).

83. That the Michigan Penal Code prohibits a public accommodation from treating a person with a disability accompanied by her service animal less favorably than other patrons. M.C.L. § 750.502c(11)(c).

84. That at all times material hereto, Defendants are a "place of public accommodation" and/or a "public accommodation" for purposes of the Michigan Penal Code provisions identified above. *See* M.C.L. § 750.502c(14)(e)-(f).

85. That at all times material hereto, Plaintiff was a "person with a disability" for purposes of the Michigan Penal Code provisions identified above. *See* M.C.L. § 750.502c(14)(d).

86. That at all times material hereto, Plaintiff's service animal was a "service animal" for purposes of the Michigan Penal Code provisions identified above. *See* M.C.L. § 750.502c(14)(g).

87. That the Michigan Penal Code provisions identified above satisfy the "statutory purpose doctrine" and, as such, establish the standard of care in an action for negligence. *See Zeni v. Anderson*, 397 Mich. 117, 143; 243 N.W.2d 270 (1976).

88. That Defendants breached its duty to exercise reasonable care and comply with all statutorily imposed duties through the following acts and/or omissions:

    (a) Failing to modify its policies, practices, and/or procedures to permit the use of a service animal by a person with a disability in violation of M.C.L. § 750.502c(1);

    (b) Failing to comply with its policies, practices, and/or procedures that permit the use of a service animal by a person with a disability;

    (c) By treating Plaintiff, a person with a disability accompanied by a service animal, less favorably than other patrons in violation of M.C.L. § 750.502c(11)(c);

    (d) In failing to act as a reasonably prudent person in compliance with all statutes, ordinances, regulations, and rules then applicable; and

    (e) In any other manner that may be discovered through the course of this litigation or otherwise.

89. That at all times material hereto, Plaintiff was free from all wrongdoing and/or comparative fault.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

90. That Defendant's actions constitute negligence and/or negligence per se.

91. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

92. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

93. That Plaintiff hereby claims any and all costs, interest, and attorney fees allowable pursuant to statute, court rule, and/or common law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                                        Respectfully submitted,
                                                       THE MASTROMARCO FIRM

Dated: <u>January 10, 2025</u>      By:   */s/ Victor J. Mastromarco, Jr.*
                                                       VICTOR J. MASTROMARCO, JR. (P34564)
                                                       KEVIN J. KELLY (P74546)
                                                       Attorneys for Plaintiff
                                                       1024 N. Michigan Avenue
                                                       Saginaw, Michigan 48602
                                                       (989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DENISE BERRY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,<br>
THE MASTROMARCO FIRM

Dated: <u>January 10, 2025</u>          By:     <u>/s/ Victor J. Mastromarco, Jr.</u>
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414